AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

PRACTICA SHIPPING CORPORATION LTD.,

V.

TRANSFIELD SHIPPING INC.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 Civ

08 CIV 8922

TO: (Name and address of Defendant)

TRANSFIELD SHIPPING INC.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, Tenth Floor
New York, NY 10005
Tel (212) 385-1422

an answer to the complaint which is served on you with this summons, within ____twenty (20)____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

OCT 17 2008

CLERK                                                          DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
PRACTICA SHIPPING CORPORATION
LTD,

                    Plaintiff,

  -against-

TRANSFIELD SHIPPING INC.,

                    Defendant.
----------------------------------x

08 Civ.

**VERIFIED COMPLAINT**

PLEASE TAKE NOTICE, that Plaintiff, PRACTICA SHIPPING CORPORATION LTD (hereinafter "PRACTICA"), by its attorneys MAHONEY & KEANE, LLP, as and for its Verified Complaint against Defendant, TRANSFIELD SHIPPING INC. (hereinafter "TRANSFIELD"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. § 201 et seq. and/or the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

2. At all times material hereto, Plaintiff, PRACTICA, was and still is a business entity duly organized and existing under the laws of a foreign country with an address at 146 Arch Makarios III Avenue Alpha Tower, 4th Floor, P.O. Box. 51681, Limassol 3597 Cyprus.

3. At all times relevant hereto, Defendant, TRANSFIELD, was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at Panama.

4. On or about September 19, 2007, Plaintiff, PRACTICA, as charterer, entered into a charter party with Defendant, TRANSFIELD, as owner, for the use of the M/V DIAMOND SEAS.

5. During the course of the charter party, TRANSFIELD, in breach of the charter party, delivered the vessel to PRACTICA with inadequately cleaned holds.

6. As a result TRANSFIELD's breach as aforesaid, PRACTICA was put to costs and expenses, including those related to cleaning the vessel's holds, as well as overpaid hire and additional bunkers consumed, in the amount of $82,053.51.

7. In breach of the terms of the charter party, and despite demand, Defendant, TRANSFIELD, has refused or otherwise failed to pay the amount due, and the full amount of $82,053.51 remains owing.

8.  Plaintiff has placed Defendant on notice of its claim that Defendant has breached the referenced agreement.

9.  Despite Plaintiff's demand, Defendant has failed to pay the amounts due and owing to Plaintiff under the agreement.

10. Pursuant to the charter party, disputes are to be settled by arbitration in London, and Plaintiff has commenced or will shortly commence arbitration with Defendant, accordingly.

11. This action is brought to obtain security in favor of Plaintiff, PRACTICA, in respect to its claims against Defendant and in aid of the London Arbitration proceedings.

12. This action is further brought to obtain security for the additional sums which are recoverable including Plaintiff's anticipated attorneys' and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

13. As a result of TRANSFIELD's breach of the agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the following amounts by way of arbitral award:

| | |
|---|---|
| Principal Claim | $82,053.51 |
| Interest (for a period of three years at 7.0%) | $18,465.57 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $40,000.00 |
| **Total** | **$140,519.08** |

14. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

15. All conditions precedent required of Plaintiff in the aforesaid agreement have been performed

16. Defendant cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank and/or UBS, which are believed to be due and owing to Plaintiff.

17. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above,

Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules

of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Mellon Bank, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$140,519.08** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

      C.    That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.   That Plaintiff have such other and further relief as this Honorable Court may deem just and proper.

Dated:   New York, New York
         October 17, 2008

> Respectfully submitted,
>
> MAHONEY & KEANE, LLP
> Attorneys for Plaintiff
>
> By: _____
>     Edward A. Keane
>     11 Hanover Square, Tenth Floor
>     New York, New York 10005
>     (212) 385-1422
>     File No. 12/3680/B/08/10

## ATTORNEY VERIFICATION

STATE OF NEW YORK      :
                       : SS.:
COUNTY OF NEW YORK     :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, PRACTICA SHIPPING CORPORATION LTD ("PRACTICA"), and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated:   New York, New York
         October 17, 2008

_____
Edward A. Keane

Sworn to before me this
17th day of October, 2008

_____
Notary Public

JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

12/3680

8